Good morning, Jennifer Kramer. On behalf of Petitioner Morales, I plan to reserve three minutes for rebuttal. May it please the Court, the District Court's order compelling arbitration of all of Petitioner's claims is clearly erroneous as a matter of law. We are here today procedurally on a writ of mandate, and so the Bauman factors are what we're here to talk about. I'm going to focus today on the third Bauman's factor, which is whether the District Court's order was clearly erroneous as a matter of law. Petitioner asked this Court to vacate the District Court's order compelling arbitration of his individual claims as California Labor Code 229 bars arbitration of unpaid wage claims. Let me start with a couple of questions. It's my understanding your client is a delivery driver? He is. He's a delivery driver for a company that contracts to deliver packages for Amazon? That's correct, and we allege a joint employment relationship. As a result, it seems to me he's a last leg delivery driver? That's the term that's often used, correct, under Rittman. And if he's a last leg delivery driver, he would thus be exempt from the Federal Arbitration Act under the Interstate Transportation Worker Exemption, correct? That is correct. So if the FAA doesn't govern this agreement because he's exempt from it, then I have to look to the agreement itself, correct? Yes. And if the agreement itself says, if for any reason the FAA or the Federal Common Law is found not to apply to the agreement, I see that the FAA does not apply. Federal Common Law, nobody even argues about whether that applies. You don't argue it. They don't argue it. So I'm just assuming that you all think it doesn't apply. Well, Your Honor, we're... I mean, then the applicable state law will govern. And so we go to state law, which is where your argument is beginning. My worry is nobody's argued about Federal Common Law. I guess you're waiving that Federal Common Law applies, both of you, so I don't have to worry about it? Well, that issue wasn't addressed in the district court's order. That's right. That's why I don't think I need to worry about it here. Your Honor, the main argument that was made in the motion to compel and the opposition to the motion to compel was on the application of the FAA to this case. We made other arguments regarding the California Arbitration Act. But let's set that aside and assume that he's got the... Oh, go ahead, Justice Graber. Go ahead. I was just going to say, in your petition in the district court, page 1 of Exhibit 13, you expressly state that the FAA does not apply and that the exemption from the FAA is significant. So it seems to me that throughout you've litigated this with the underlying assumption, which is legally correct, that the FAA doesn't apply, so we look to California law. So I guess I'm in the same boat as Judge Smith, which is focused on California law and whether there is a legal impediment to the FAA. I'm simply arguing that it's an odd result that there is no analysis under the FAA and the district court's order. Let's set that aside. We're setting that aside. Let's move to state law. Which is where I am. Labor Code section, California Labor Code section 299. And we're starting with the most important factor, which is the third factor, and the necessary condition for granting mandamus in any event, even if all the other factors are there, right? Right. Clearly erroneous. We are with third. So clearly erroneous. You know, we're here arguing that it was clear error to find that the first cause of action for unpaid wages did not fall under section 229 of the Labor Code. Plaintiffs first amended You have to show, in order to win here, that this provision is both not unconscionable unless it is both procedurally and substantively unconscionable. So we have to look at both, don't we? Yes, but that's a second issue for error. The first issue Your first argument is an exemption under Labor Code 229. Correct. Okay. All right. Yes. The best case for that is Naranjo. Yes. Well, for the first cause of action for unpaid wages, all we're looking at are the facts here, which are the first amendment complaint, which is attached as Exhibit 4 to our petition. Is Naranjo your best case for the exemption under 229? For the meal and rest break cases? Correct. But that gets you out of arbitration. Correct. And so we believe that it was first clear error. I think that would be your leading argument for clear error, right? That's for clear error for our meal and rest break claims? Yes. There was also clear error in finding that the first cause of action for unpaid wages did not fall within Section 229. So we only get out of arbitration on the claims that fall under 229. And so the first claim for unpaid wages falls within Labor Code 229 because it specifically references and incorporates Sections 201 to 204 of the Labor Code. Section 201 to 203 requires that unpaid wages be timely paid at the end of employment. Section 204 requires that all earned wages are timely paid two times a month. The complaint makes reference repeatedly to these code sections in paragraphs 1, 6, 8, 10, 21, 23, and 24, which are incorporated by reference in paragraph 40. And so, therefore, it was clear error for the trial court to find that petitioner's first cause of action for unpaid wages wasn't brought under Sections 200 to 244. Right. You read 229 expansively to cover unpaid wages, and then the meal and rest break comes in under unpaid wages as well under Naranjo. Correct. All right. I've got the merits argument, but before you run out of time, let me ask you this. You're here on writ mandamus. Right. The standard is high. There are multiple factors. Even assuming that we agree with you on the factor of clear error, there are other factors that you have to overcome. So can you address those factors? Certainly, Your Honor. First of all, there's no other adequate means, such as a direct appeal for a plaintiff to appeal a motion to compel arbitration. There's no direct appeal, but the way it usually works is you go to arbitration, and then you get back to the district court. Once there's confirmation, there's appellate rights. So why isn't the availability of appellate rights after the entire arbitration process is done enough for the respondents to say a writ shouldn't be issued at this stage? Because petitioner will be leaving behind the class he seeks to represent. There will be a judgment at the end of the arbitration proceeding, and there will be a determination regarding his individual wages. And whether or not he can represent a class will become moot at that point, because there will be an adjudication of his individual claims. So how do you square your position with the that the class action waiver is not necessarily unconscionable? Well, there are cases that do hold that the class action waiver is unconscionable, including this court's decision in Engle v. Circuit City, and also in the Gentry case by the California Supreme Court, and in the Garado case by the California Court of Appeal, there's holdings that class action waivers are unconscionable because they throw a roadblock in front of the enforcement of California's important labor code statutes, that they're taking away an avenue for the workers, and nothing is being taken away from the employer. It's a completely one-sided provision in the agreement that only benefits the employer, and provides no benefit to the employee, and such is also their PAGA waiver that they have in this agreement. I would like to go back to the applicability of Section 229. Great. And I only go back because I read the district court's decision, and I read what the district court said, and I tried to compare Lane v. Francis Capp Management with Mueller v. Roy Miller Freight Lines, and it seems to me that the district court is correct, that there's a big conflict here as to the applicability of 229. And it also seems that California has a strong policy in favor of arbitration, which Lane would suggest as well, and Sammonego v. Empire would also say the same thing. I'm not sure it applies. And I'm worried, I guess, that that makes whatever the district court did in this decision not clearly erroneous. Well, Your Honor, the petitioner can argue that there's ambiguity in the case law. Well, I mean, it isn't just the petitioner. I was reading what the district court said about it. Right. But what we're arguing here is, okay, these cases are conflicting, whether or not the unpaid wage claim needs to arise from Sections 200 to 244. But our claim does arise from those sections. It arises from 201 to 203 and 204 for our unpaid wage claim. It also arises from 201 to 204 and 226.7 for our meal and rest break claim. You know, and to just touch on Naranjo, which is the California Supreme Court decision that came out in 2022, that the moment that an employee is not provided with a lawful meal break, they earn that wage. They earn that extra hour of premium compensation just like they would if they worked a minute overtime. They would be entitled to that. The only thing I'm trying to suggest is, and I guess I'm kind of weird in this, I look at standard review pretty carefully. And in my book, mandamus is a very tough issue for me. You're going to have to really toe the mark, get right in line in order to get it, because I think it's something that we shouldn't be doing just to get our nose into things that isn't our nose yet. And so therefore, I've got to have a clear error. A clear error. Not just a hypothetical, my best argument is, this is the way I feel about it. This is my way. And when I read what the district court said, frankly, and I read the briefs as well, I said to myself, how can I say that the district court clearly erred? Is there a case dead on that says they clearly erred? Yeah, I mean under Lane itself. If the claim falls within labor code section 200 to 244, the labor code 229 applies. This case falls within there because it falls within labor code section 201 to 204. Your honor, I'd like to reserve the remainder of my time. All right. We'll hear from the other side. Good morning, your honors. May it please the court, my name is Max Fisher. I represent Amazon Logistics in this writ of mandamus proceeding. I'd like to share with the court the allocation of time that my counsel for active and I have decided upon. I will be taking five minutes and ten minutes will go to Mr. Ferrantella. Yes, I'm aware, so I put your time actually on the clock. I'm here to talk about the 229 issue. Mr. Ferrantella will discuss the Gentry issue. Judge Smith, you are exactly right. At a minimum, what Judge Fisher did in this case as the 229 issue was look at Lane and then look at Muller and make the best decision she could under the case law. Muller was... Naranjo is a newer case by the California Supreme Court. Now it doesn't reference Lane and Muller specifically, but I read it as partially overruling Lane to the extent that this type of meal and rest break claim, I think it's a 226 point something point seven claim doesn't fall within 229. I read that opinion as clearly saying that it does. It does constitute unpaid wages for purposes of the 229 exemption. So how do you respond to that? I respond, Your Honor, by pointing the court to pages 111 and 112 of the Naranjo decision. At that portion of the decision, Your Honor, Naranjo goes to great lengths to discuss a prior California Supreme Court case, Kirby v. Emus. Kirby v. Emus had held very definitively that meal and rest period causes of action are not causes of action for the recovery of unpaid wages. If you turn back, Your Honor, to the Lane decision, you will see that Lane itself looks at Kirby in reaching its holding that meal and rest period causes of action are not recovery of unpaid wages for purposes of labor code section 229. And so you see here a symmetry between Lane and its reliance on Kirby and then Naranjo in discussing Kirby specifically deciding that Kirby is not overruled at all. Rather, the reason that Naranjo reaches its conclusion is not because section 226.7 meal and rest period premiums are actually actions for the recovery of wages, which is what 229 is concerned with, but rather the remedy, Your Honor, is one for the recovery of a wage, even though the underlying cause of action is for the failure to provide a health benefit to employees, provision of breaks. And it is the nature of the cause of action that drives the 229 analysis. 229 requires two things before a cause of action is exempt from overtime. It requires, first of all, that it falls within the parameters of Article I, which is sections 201 to 244, and that, secondly, it is an action for the collection of unpaid wages. What counsel, in describing her cause of action for unpaid wages, what she neglects to share is that the complaint in this case actually sought remedy under 1194 of the Labor Code. That is what is identified as the first cause of action. Not 201, not 204, not 218.5, which is commonly cited by plaintiff's counsel when they seek unpaid wages. Instead, what you will see is 1194. That is what Judge Fischer looked at in deciding that those claims fell outside of section 229's purview. The other thing that we would point out, Your Honor, in terms of addressing Judge Smith, your observation about the standard of review here, when you hold up the two cases that Judge Fischer held up, and by the way, Mueller was never cited by plaintiffs in their opposition. Judge Fischer found that on her own. She obviously did a thorough job in examining the case law. If you look at those two cases, Lane goes through a very detailed analysis of section 229. Mueller does not. Mueller simply states as if it's a truth that these causes of action are all ones for unpaid wages. It doesn't even cite Lane. It doesn't discuss Lane. And given those two choices, do I follow Mueller? Do I follow Lane? Judge Fischer, we think, made absolutely the right choice, but certainly the Court cannot be left with a firm and definite conviction that there was clear error, which is the standard here for this writ of bandamas. I know I'm out of time. If there's any other questions, I'm happy to address them. Otherwise, I'm happy to pass to my co-counsel. Thank you. Good morning, Your Honors. My name is Jesse Frantella, counsel for the other real party in interest, Active Enterprises. And as my colleague, Mr. Fischer, noted, I will be addressing any further questions you have outside of the scope of section 229, including the gentry factors. With respect to the gentry factors, I think, Judge Smith, you properly stated the standard of review here. And under the Bundy case, we need to have a, quote, definite and firm conviction that a mistake has been committed. We simply do not have this here on the gentry factors, because what, instead, we have is Judge Fischer analyzing the gentry factors in detail in not one, but two rulings. The first one, a 14-page ruling, going through the factors, weighing the evidence presented. And then the second ruling on reconsideration, going through, almost literally line by line, through the plaintiff's evidence and the counter evidence offered by Active. So really, what we're dealing with here on the gentry factors is not clear legal error. It's not error as a matter of law. It's really fact-finding and weighing of the evidence. And you need clear error to prevail on the standard. And I would highlight a case, a Ninth Circuit case, called Conrad. It's 447 F. 3rd. 760. And that Conrad case, along with the other cases that we've relied on, said if the district court's account of the evidence is plausible, the court can't reverse under a clear error standard, even if they're convinced the court reached the wrong ruling or they would have reached a different ruling. And when a trial court is crediting the testimony of one witness versus a second witness, that can, quote, virtually never be clear error. So we would submit under the gentry factors, given the court's careful reasoning, given its consideration of the evidence on the factors, you can't possibly have clear error under that issue. And if the court has, and with respect to the gentry factors, just one further point I would make, which is on the fourth and fifth factors of the Ballamant factors, the gentry factors are not an issue of first impression. They've been addressed by this court in Romero recently. Can you actually address the first factor that counsel talked about, the giving up of the right to pursue this case as a clash action representative, and how that plays into our mandamus relief analysis? I would respectfully submit, Your Honors, that you don't need to get there because you need clear error, and there is no clear error here. I'm assuming you passed clear error into another Ballamant factor. Sure. Not one factor is positive. With respect to those factors, I tend to agree with what Your Honor said earlier, which is this does not have to be addressed right now. There can be an arbitration, and then this can be raised after the arbitration. I'm not aware of... In response to that, though, counsel's point is that after arbitration, there's no longer an opportunity to be a clash action representative. That's the consequence, so it doesn't put the plaintiff in the exact same positions as he would be in if the writ is not granted. So how do you respond to that? Well, I think the issue, if it was addressed on appeal afterwards, could open the door to the class, put them back as a clash action representative after the arbitration. The right is not gone. It might take six months or a year for the arbitration. It can be completed, and I don't think the plaintiff has cited compelling authority that I'm aware of from reading the brief that said that issue makes the first and second Ballamant factors as the adequacy of the remedies a factor that's met for the petitioner. So you're saying that once the matter's through arbitration, then he could still pursue it as a clash action? How does that work? If the matter is completed to arbitration, depending on the results a plaintiff has found to have standing, it depends on if the plaintiff prevails or not. The plaintiff could then, I think, appeal this issue through the normal routes of appeal once there's an arbitration and a judgment issued and the arbitration award is confirmed. If it prevails as an individual plaintiff in arbitration, then what? Then presumably the claimant would seek to confirm the award in arbitration. The court would be rendered to a judgment, and to the extent the plaintiff wants to appeal an aspect of the ruling, including the underlying issues, there could be an appeal on it. Has there ever been a case that's done that? I think that's a big... I mean, I'm being very skeptical about what you just have told me. You got a case that happened? I mean, I don't ever believe that's... I'm having a tough time. That has never happened in Idaho, I'm telling you that. I think that's a... I can't cite you a case, Your Honor. I think I would submit that you need clear error and the fourth and fifth factors given that... Well, if he wins on arbitration as an individual, I'm assuming he'd take the win. He'd take and keep the win, right? I think it might... It's speculative. It may depend on what the ruling is and what the relief is awarded. I think we fairly probably don't know the answer to that question. There are standing issues, there are potential standing problems. We've tried to come back and be a class representative in a class action, but I've got the response. Thank you. Unless there are any further questions, I will... I have nothing further. Judge Graber, do you have any additional questions? No, thank you. All right. Thank you very much. First on the issue of the first Bauman factor, I would point this court to its decisions in Douglas versus the U.S. District Court, a 2007 decision, and in Henson, a 2017 decision, which found that the first Bauman factor militates in favor of plaintiffs seeking to overturn a motion to compel arbitration order, that they would be prejudiced in a way that is not correctable on appeal. Second, I want to address the discussion of Kirby. Did we find that because we said it was that way, or did we find that because that's what the District Court found and we said it was not unreasonable? Right. Well, in Douglas, this court found that mandamus was inappropriate. I know. I know what we found, but I'm just trying to get the standard again. You're citing this so many times. I'm cited as saying this and this, and I'm really not saying that at all. I'm saying the District Court didn't unreasonably err, or the District Court did not abuse its discretion or something like that. So I'm trying to figure out, you cite these cases to me I've never heard of, never looked at before, so I'm trying to get you to tell me what did they say. Right. And so the, I'm sorry, Your Honor, I didn't mean to cut you off. No, no. You don't need to apologize. I said, if you will. All right. So we're talking about the first Bauman factor. I know. All right. And so the holding in Douglas is that mandamus is inappropriate to rule because the petitioner had no other adequate means of ensuring he could continue as a class representative. And that's simply the holding them bringing up to this court. And if I could really quickly discuss the holding in Kirby. Actually, over time, so if you can wrap it up, please. Yeah. So Labor Code 229 has a different standard than Labor Code 218.5. Labor Code 218.5 was the case, the statute that was being analyzed in Kirby. In that, the language says that in any action for the nonpayment of wages, Labor Code 229 has a different standard. It's in actions to enforce rights found in Code Sections 200 to 244 for the due and unpaid wages. It's a different language. It requires a different analysis. Words have meaning. All right. Thank you, Your Honor. Thank you very much, both sides, for your argument in this matter. It's submitted and we'll issue a decision in due course. That concludes the argument calendar for this morning. We are in recess until tomorrow morning. Thank you. All rise. This court for this session stands adjourned.
judges: GRABER, SMITH, NGUYEN